■ LINDA DUFFY, as Administratrix of the Estate of JOHN P. DUFFY, Deceased, et al., Plaintiffs, v COUNTY OF CHAUTAUQUA, Defendant and Third-Party Plaintiff-Respondent. STEVEN NICHOLS, Third-Party Defendant-Appellant, and G & J CONSTRUCTION CORPORATION et al., Third-Party Defendants-Respondents. STATE INSURANCE FUND, Intervenor-Respondent. [668 NYS2d 829] —Order unanimously affirmed without costs. Memorandum: Third-party defendant Steven Nichols appeals from an order permitting DeMarie & Schoenborn, P. C. (DeMarie), to withdraw as attorneys of record for third-party defendants G & J Construction Corporation (G & J) and Nichols in an action pending in Supreme Court, Chautauqua County, captioned *Linda Duffy, as Administratrix of the Estate of John P. Duffy v County of Chautauqua (Duffy). Duffy* was joined for trial with two other actions. On a prior appeal, we affirmed judgments in the two actions joined for trial with *Duffy* but ordered a new trial in *Duffy* (*see, Duffy v County of Chautauqua*, 225 AD2d 261, *lv dismissed in part and denied in part* 89 NY2d 980). Before the retrial, DeMarie moved to withdraw on the ground that the insurance carrier for G & J and Nichols, Royal Insurance Company (Royal), which had retained DeMarie to represent its insured, no longer had an obligation to defend because it had exhausted its policy limits by payment in the actions in which judgments were affirmed. DeMarie also contended that the State Insurance Fund, which had issued a Workers' Compensation and employers' liability policy to G & J, had retained a law firm to represent G & J, to whom it owed a continuing duty to defend and indemnify.

We conclude that Supreme Court properly granted the withdrawal motion. It is undisputed that Royal exhausted its policy limits by paying defendant, County of Chautauqua, the amount of $500,000. Pursuant to the terms of the comprehensive general liability insurance policy Royal issued to G & J, Royal no longer has any obligation to pay any claim or judgment or to defend any suit.

It is also undisputed that the State Insurance Fund has undertaken the defense of G & J and that the liability coverage under its policy has no coverage limits. Therefore, we conclude that Nichols, an employee of G & J, will not be prejudiced by the withdrawal of DeMarie as his attorney. (Appeal from Order of Supreme Court, Chautauqua County, Notaro, J.—Withdraw As Counsel.) Present—Pine, J. P., Lawton, Hayes, Wisner and Boehm, JJ.